E. R. DEAN, PLAINTIFF IN ERROR, v. JOSEPH R. KIN-
MAN, DEFENDANT IN ERROR. .

1. **Justice of peace:** APPEAL. In an action before a justice of
the peace, the defendant appeared specially and objected to the
jurisdiction of the justice. The objection was overruled, and the
defendant not appearing further, judgment was rendered against
him. He then filed an undertaking for an appeal which was
duly approved. Afterwards he filed a motion to set aside the
default, which was sustained, and the plaintiff not appearing to
prosecute, the action was dismissed. *Held*, That after an appeal
was taken by a party and pending, the justice could not set the
judgment aside on the motion of such party.

2. **Jurisdiction.** Where judgment is taken by default, an appeal
taken to the district court by the party in default, and the tran-
script is filed in the district court by the appellee, he thereby
waives objection to the jurisdiction.

ERROR to the district court for Butler county. Tried
below before NORVAL, J.

*E. R. Dean, pro se.*

*Myers & Evans* and *Horace Garfield,* for defendant in
error.

MAXWELL, J.

The plaintiff brought an action against the defendant
before a justice of the peace to recover the sum of $199.
The defendant appeared specially and objected to the juris-
diction of the court. The objection was overruled, and '
the defendant not making a further appearance, judgment
was rendered against him for the sum of $199 and costs.
The judgment was rendered on the 14th of December,
1882. On the 22d of that month the defendant filed an
undertaking for an appeal to the district court, which was
duly approved. The defendant failed to perfect his
appeal, and at the next term of the district court the
plaintiff filed a transcript of the proceedings before the

Dean v. Kinman.

justice, and moved for an affirmance of the judgment. The motion was overruled and the appeal dismissed. A supplemental transcript of the justice was filed, from which it appears that after the undertaking for the appeal had been filed and approved the defendant appeared before the justice and moved to set aside the default; that he thereupon confessed judgment for costs and the default was set aside; that afterwards, as the plaintiff failed to appear and prosecute, the action was dismissed. So that the case is presented here on two records, one showing a judgment in favor of the plaintiff and an appeal therefrom, and the other showing that after the appeal was taken the judgment was set aside and the action dismissed. The question presented is this: After a party has appealed from a judgment against him, can the justice, while the appeal is pending and undetermined, set the judgment aside? We think not. If such a practice was permitted it would create interminable confusion. If a party desires the setting aside of a judgment he must file his motion for that purpose and have it acted upon before filing an undertaking for an appeal. If it is objected that the defendant had not contested the case before the justice and therefore could not appeal, it is a sufficient answer to say that the right to insist upon the objection is a personal privilege that may be waived and will be unless objection is made on that ground. *Goodrich v. Omaha*, 11 Neb, 204. The court has jurisdiction of the subject matter, and by a general appearance the parties conferred jurisdiction over themselves. The plaintiff in this case by filing the transcript in the district court waived the objection named and conferred jurisdiction on that court. The judgment of the district court is reversed and the cause is remanded with leave to both parties to file pleadings and try the cause on the merits.

JUDGMENT ACCORDINGLY.

THE other judges concur.